UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ORIGINAL

FILED IN CLERK'S OFFICE
  U.S.D.C. Atlanta

SEP 0 2 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| JAMES BROWN, on behalf of himself and all others similarly situated, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 1:03-CV-1027-BBM |
| MIRANT CORPORATION, THE SOUTHERN COMPANY, VANCE BOOKER, S. MARCE FULLER, RAYMOND D. HILL, JAMES A. WARD, A.W. DAHLBERG, A.D. CORRELL, ELMER B. HARRIS, WILLIAM J. HIERPE, DAVID J. LESAR, W.L. WESTBROOK, and UNKNOWN FIDUCIARY DEFENDANTS 1-100, | |
| Defendants. | |



|  |  |
|---|---|
| GREG WALLER, SR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIRANT CORPORATION, THE SOUTHERN COMPANY, VANCE BOOKER, S. MARCE FULLER, RAYMOND D. HILL, JAMES A. WARD, A.W. DAHLBERG, and UNKNOWN FIDUCIARY DEFENDANTS 1-100,<br><br>Defendants. | CIVIL ACTION<br>NO. 1:03-CV-1558-BBM |

## **CONSOLIDATION ORDER**

These actions alleging breach of fiduciary duties in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (hereinafter "ERISA"), are currently before the court on (1) the plaintiffs' jointly submitted motions to consolidate such actions [Doc. No. 23-1 in Civ. Action No. 1:03-CV-1027-BBM and Doc. No. 4-1 in Civ. Action No. 1:03-CV-1558-BBM, respectively], (2) a proposed consolidation order effecting the requests set forth in such motions, and (3) notices of bankruptcy filed by defendant Mirant Corporation (hereinafter "Mirant") on

July 25, 2003 [Doc. No. 24-1 in Civ. Action No. 1:03-CV-1027-BBM and Doc. No. 9-1 in Civ. Action No. 1:03-CV-1558-BBM, respectively].

The defendants named in these actions have not responded to the plaintiffs' motions to consolidate, but the plaintiffs represent that the defendants "support entry of the proposed Consolidation Order." Notably, the plaintiffs also state that the defendants have "take[n] no position with respect to, and reserve their right to contest, the adequacy of plaintiffs' counsel to represent any class in this matter."

Accordingly, having reviewed the brief jointly submitted by the plaintiffs in support of their motions, the plaintiffs' proposed consolidation order, and Mirant's notices of bankruptcy, the court hereby GRANTS the plaintiffs' motions to consolidate [Doc. No. 23-1 in Civ. Action No. 1:03-CV-1027-BBM and Doc. No. 4-1 in Civ. Action No. 1:03-CV-1558-BBM, respectively] on the following terms and conditions:

1. The court hereby CONSOLIDATES the above-captioned actions pursuant to Fed. R. Civ. P. 42(a), and any action arising out of the same questions of fact and asserting claims under ERISA, now pending or hereinafter filed in or transferred to this court. Such actions, as so consolidated (hereinafter the "Consolidated Action"), shall be henceforth captioned as <u>In re Mirant Corporation ERISA Litigation</u>, Civ. Action No. 1:03-CV-1027-BBM.

2.  The court hereby DIRECTS the clerk of the court to file all pleadings in this action, as so consolidated, in the file for the Consolidated Action (hereinafter the "Master File") and enter such pleadings on the docket for the Consolidated Action (hereinafter the "Master Docket"). The original of this order shall be filed in the Master File, and copies thereof shall be filed in any other action hereby or hereafter consolidated in the Consolidated Action. The consolidation into the Consolidated Action of each such action shall be noted on the docket for such action as well as the Master Docket, and a copy of this order shall be provided to all parties to any such action so consolidated.

3.  The court hereby DIRECTS counsel for the parties to the Consolidated Action to call its attention promptly to the filing or transfer of any action properly to be consolidated into the Consolidated Action pursuant hereto.

4.  Any party objecting to the consolidation into the Consolidated Action of any action hereafter filed in or transferred to the court is hereby AFFORDED fourteen (14) days during which to object to such consolidation. If no such objections are filed within fourteen (14) days after such consolidation, such objections will be DEEMED WAIVED.

5.  Subject to the terms of paragraph 6 below, the defendants are hereby RELIEVED from filing responsive pleadings to the complaint in any action so

consolidated unless objections are timely made to such consolidation and the court thereafter orders such action deconsolidated from the Consolidated Action. In such event, the defendants shall be REQUIRED to file their responsive pleadings to such complaint within twenty (20) days after entry of the court's order in relation to such deconsolidation.

6. The plaintiffs shall file a consolidated amended complaint (hereinafter the "Consolidated Amended Complaint") within twenty (20) days after entry of this order on the docket of the court. The defendants shall file any responsive pleadings to the Consolidated Amended Complaint within twenty (20) days after entry of such complaint on the docket of the court.

7. The plaintiffs' motion for class certification shall be due no later than twenty (20) days after the first answer, if any, to the Consolidated Amended Complaint is entered on the docket of the court.

8. Subject to the terms of paragraphs 6 and 7 above, pleadings and motions in this action shall be filed and served in accordance with the Federal Rules of Civil Procedure and the local rules of this court. No departures from the deadlines set forth therein shall be allowed absent prior permission from the court and upon good cause shown.

9. The court hereby RESERVES RULING on the appointment or approval of any lead or liaison counsel for the plaintiffs pending further briefing by ALL parties with regard to such appointment or approval.

10. The court hereby TAKES NOTICE that Mirant filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., on July 14, 2003 and that this action has therefore been STAYED as to Mirant.

IT IS SO ORDERED, this 2nd day of September, 2003.

_____
BEVERLY B. MARTIN
United States District Judge