

FILED IN CLERK'S OFFICE
U S.D.C. Atlanta

SEP 18 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| IN RE MIRANT CORPORATION ERISA LITIGATION | Civil Case No 1:03-CV-1027-RWS |
|---|---|

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Currently before the Court for preliminary approval is a settlement (the "Settlement") of this class action (the "Action") asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C §§ 1001. *et seq.* ("ERISA"), with respect to the Mirant Services Employee Savings Plan and the Mirant Services Bargaining Unit Employee Savings Plan (collectively, the "Plans") as against Defendant Mirant Corporation, now known as MC 2005, LLC ("Mirant"), the Americas Benefit Committee, the Qualified Investment Review Committee, and certain individual defendants (collectively the "Mirant Defendants"), and Defendant T. Rowe Price (collectively, with the Mirant Defendants, the "Defendants"). The terms of the Settlement are set out in a Stipulation of Settlement (the "Stipulation of Settlement") which has been executed by counsel for Plaintiffs James Brown & Greg Waller, Sr., and all others similarly situated ("Plaintiffs"), by counsel for the Defendants (collectively with Plaintiffs, the "Parties"). Capitalized terms not otherwise defined in this

Order shall have the same meaning as ascribed to them in the Stipulation of Settlement. "Settlement Class" is defined in this Order below.

On September 7, 2006, the Court held a hearing to preliminarily consider the Settlement and to determine among other things, whether to certify a class for settlement purposes and whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class. Upon reviewing the Stipulation of Settlement and the matter having come before the Court at the September 7, 2006, hearing, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

**Jurisdiction**. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class.

**Class Findings**. The Court preliminarily finds, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that:

> The Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

Based on allegations in Plaintiffs' Consolidated Complaint, the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class

Based on allegations in Plaintiffs' Consolidated Complaint, the Court preliminarily finds that Defendants engaged in uniform conduct affecting members of the proposed Settlement Class, and the Court finds that the claims of Plaintiffs are typical of the claims of the Settlement Class.

Plaintiffs will fairly and adequately protect the interest of the Settlement Class in that: (i) the interests of Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there are no conflicts between or among Plaintiffs and the Settlement Class; and (iii) Plaintiffs are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions of this type.

The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**Class Certification**. Based on the findings set out in Paragraph [2] above, the Court PRELIMINARILY CERTIFIES the following class for settlement purposes under Federal Rule of Civil Procedure 23(b)(1) in this litigation (the "Settlement Class"):

> All persons who were participants in or beneficiaries of the Mirant Services Employee Savings Plan or the Mirant

>Services Bargaining Unit Employee Savings Plan (collectively, "the Plans") at any time between September 27, 2000 and July 22, 2003 (the "Class Period"), and whose account(s) included investments in Mirant stock or the Mirant Company Stock Fund, except for Defendants in this Action, and any entity in which the Defendants have or had a controlling interest, or which is or was a parent or subsidiary of or is or was controlled by Mirant, and the current and former officers, directors, affiliates, legal representatives, heirs, predecessors, and assigns of Defendants

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1). As required by Fed. R. Civ. P. 23(g), the Court has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action; (iii) Class Counsel's knowledge of the applicable law and, in particular, its knowledge of ERISA as it applies to claims of the type asserted in this action (breach of fiduciary duty claims that pertain to the Plan's investment in company stock); and (iv) the resources Class Counsel has committed to representing the class. Based on these factors, the Court finds that Class Counsel has and will continue to fairly and adequately represent the interests of the Settlement Class. Accordingly, the Court

finds that Class Counsel shall serve as class lead counsel with respect to the Settlement Class in this action.

As indicated above, the Court finds that Plaintiffs are adequate class representatives of the Settlement Class and, therefore, hereby appoints Plaintiffs as the representatives of the Settlement Class.

The Court having determined preliminarily that this Action may proceed as a non-opt out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Settlement Class Members shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may so proceed.

**Preliminary Approval of Settlement**. The Settlement documented in the Stipulation of Settlement is hereby PRELIMINARILY APPROVED, as the Court preliminarily finds that (a) the proposed Settlement resulted from extensive arm's-length negotiations over numerous months; (b) the Stipulation of Settlement was executed only after Class Counsel had conducted informal discovery and researched and investigated multiple legal and factual issues pertaining to Plaintiffs' claims; (c) there is a genuine controversy between the parties involving the Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the

Settlement evidenced by the Stipulation of Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Fairness Hearing**. A hearing (the "Fairness Hearing") pursuant to Fed. R. Civ P 23(e) is hereby SCHEDULED to be held before the Court on November 16, 2006 at 9:30 a m. in Courtroom 2105 at the Richard B. Russell Courthouse, 75 Spring Street NW, Atlanta, Georgia, to determine finally, among other things:

> Whether the Settlement should be approved as fair, reasonable, and adequate;
>
> Whether the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, and should be finally certified as preliminarily found by the Court;
>
> Whether the litigation should be dismissed with prejudice pursuant to the terms of the Settlement,
>
> Whether the Final Approval Order attached to the Stipulation of Settlement should be entered and whether the Releasees should be released of and from the Settled Claims, as provided in the Stipulation of Settlement;
>
> Whether the notice, summary notice, and notice methodology implemented pursuant to the Stipulation of Settlement (i) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice

and (iii) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Stipulation of Settlement as required by Fed. R. Civ. P. 23(g) and as preliminarily found by the Court;

Whether the proposed Plan of Allocation of the Settlement Fund is fair, reasonable and adequate and should be approved by the Court;

Whether the Settlement has been negotiated at arm's length by Class Counsel on behalf of the Plans and the Settlement Class, whether Plaintiffs have acted independently, whether Plaintiffs' interests are identical to the interests of the Plans and the Settlement Class, and whether the negotiations and consummation of the Settlement by Plaintiffs on behalf of the Plans and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b) and/or qualify for a class exemption from the prohibited transaction rules, including Prohibited Transaction Exemption 2003-39;

Whether the payment and distribution of the Settlement Amount, as allocated in the Plan of Allocation incorporated in the Stipulation of Settlement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45;

Whether the application for attorneys' fees and expenses to be filed by Class Counsel should be approved;

Whether the Named Plaintiffs should receive a Case Contribution Award in light of their assistance in prosecuting this Action; and

Any other issues necessary for approval of the Settlement.

**Class Notice**. The Parties have presented to the Court one form of proposed notice, the Class Notice, which is appended hereto as Exhibit A. The Court APPROVES this form of notice, as the Court finds that such form of notice

fairly and adequately: (1) describes the terms and effect of the Stipulation of Settlement and of the Settlement, (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing, and (3) describes how the recipients of the notice may object to approval of the Settlement. The Parties have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is adequate, and directs that Class Counsel shall:

> By no later than 45 days before the Fairness Hearing, cause the Class Notice and Summary Notice, with such nonsubstantive modifications thereto as may be agreed upon by the Parties, be disseminated pursuant to the Settlement Stipulation to the last known address of each person in the Settlement Class who can be identified by reasonable effort. Defendants shall use reasonable efforts to assist Class Counsel in obtaining the names and last known addresses of the members of the Settlement Class promptly following the entry of this Order.
>
> By no later than 45 days before the Fairness Hearing, cause the Class Notice to be published on the website identified in the Class Notice.

At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

**Objections to Settlement**. "Objector" shall mean any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation contained within the Stipulation of

Settlement, to any term of the Stipulation of Settlement, or to the proposed award of attorneys' fees and expenses. Any Objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. The Objector must also mail the objection and all supporting law and/or evidence to counsel for the Parties, as stated below. The addresses for filing objections with the Court and service on counsel are as follows:

| COURT | PLAINTIFFS' COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>Northern District of Georgia<br>Richard B Russell Federal<br>Building and Courthouse<br>75 Spring Street, SW<br>Atlanta, Georgia 30303-3361 | Lynn Lincoln Sarko<br>Derek W Loeser<br>Keller Rohrback, LLP<br>1201 Third Avenue, Suite 3200<br>Seattle, Washington 98101<br><br>Joseph H. Meltzer<br>Gerald D. Wells, III<br>Schiffrin & Barroway, LLP<br>280 King of Prussia Road<br>Radnor, Pennsylvania 19087 | H Douglas Hinson<br>Alston & Bird LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424 |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court by no later than 15 days before the date of the Fairness Hearing. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be

deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be barred.

**Appearance at Fairness Hearing**. Any Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above and file it with the Court by no later than 15 days before the date of the Fairness Hearing. Any Objector who does not timely file and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown. The Parties' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

**Response to Objectors:** Class Counsel shall respond to any Objector 10 days before the Fairness Hearing.

**Notice Expenses**.  The expenses of effectuating Class Notice shall be paid from the Settlement Fund.  Class Counsel shall provide an accounting of such expenses at the Fairness Hearing  In the event the Settlement is not approved and the Settlement Amount is not paid, the Settlement Fund, less the above expenses, shall be returned pursuant to the Settlement Stipulation.

**Applications for Attorneys' Fees**.  Any application by Class Counsel for attorneys' fees and reimbursement of expenses, and all papers in support thereof, shall be filed with the Court and served on all counsel of record no less than 10 days before the Fairness Hearing.  Copies of such materials shall be available for inspection at the office of the Clerk of this Court.

**Injunction**.  Pending final determination of whether the Settlement should be approved, all members of the Settlement Class and the Plans are each hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any Settled Claim against any Releasees.

**Termination of Settlement**.  If the Settlement is terminated in accordance with the Stipulation of Settlement or does not become Final under the terms of the Stipulation of Settlement for any other reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall

be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order**.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

**Continuance of Hearing**.  The Court reserves the right to continue the Fairness Hearing without further written notice.

SO ORDERED this __15th__ day of __September__, 2006.

_____
United States District Judge