FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 1 6 2006

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **IN RE MIRANT CORPORATION ERISA LITIGATION** | Civil Case No. 1:03-CV-1027-RWS |

## ORDER OF FINAL JUDGMENT[1]

This action came on for a final hearing, held on November 16, 2006, on a proposed settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement dated August 24, 2006 (the "Agreement").

The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Settlement Class.

The Court hereby approves and confirms the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Agreement as its judgment, and

---

[1] This "Order of Final Judgment" is identical to the "Order of Final Judgment" attached as Exhibit 3 to the Stipulation of Settlement filed on August 24, 2006, [Docket No. 62]; however, Plaintiffs have filled in the date of the final hearing (November 16, 2006) in the first line.

orders that the Agreement shall be herewith effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs are asserting, among others, claims on behalf of the Plans to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA § 502(a)(2). *See Mass Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

The Court determines that the Settlement, which includes the payment of $9,700,000.00 by the Mirant Defendants' applicable fiduciary liability insurance carriers, has been negotiated vigorously and at arm's length by Plaintiffs and Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plans and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plans' participation in the Settlement is on terms no less favorable than Plaintiffs and the Settlement Class and that the Plans do not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plans, Plan Participants, and Beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the Settlement by Plaintiffs on behalf of the Plans and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the form of notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice form practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such notice form provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement to all persons entitled to such notice, and such

- 3 -

notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as follows:

> All persons who were participants in or beneficiaries of the Mirant Services Employee Savings Plan or the Mirant Services Bargaining Unit Employee Savings Plan (collectively, "the Plans") at any time between September 27, 2000 and July 22, 2003 (the "Class Period" ), and whose account(s) included investments in Mirant stock or the Mirant Company Stock Fund except for Defendants in this Action, and any entity in which the Defendants have or had a controlling interest, or which is or was a parent or subsidiary of or is or was controlled by Mirant, and the current and former officers, directors, affiliates, legal representatives, heirs, predecessors, and assigns of Defendants.

Such a class meets the applicable requirements for a settlement class imposed by Federal Rule of Civil Procedure 23.

The Court hereby dismisses the Consolidated ERISA Complaint and the Action against all Defendants with prejudice on the merits based on the Settlement.

As of the date of Complete Settlement Approval and payment of the Settlement Amount (as defined in the Agreement), the Plaintiffs, the Plans,

and each member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

All members of the Settlement Class and the Plans are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The litigation and notice expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly, Class Counsel is awarded expenses in the amount of $52,891.82, to be paid from the Qualified Settlement Fund.

The attorneys' fees sought by Class Counsel in the amount of $2,667,500.00 (27.5%) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases.

Accordingly, Class Counsel is awarded attorneys' fees in the amount of $2,667,500.00 (27.5%), payable from the Qualified Settlement Fund.

Class Counsel's request for a Case Contribution Award for each Named Plaintiff in the amount of two thousand dollars ($2,000.00) in recognition of their efforts in assisting in the prosecution of this Action is hereby acknowledged. Accordingly, each Named Plaintiff is hereby awarded a Case Contribution Award of $2,000.00, payable from the Qualified Settlement Fund.

The Plan of Allocation for the Qualified Settlement Fund established pursuant to Section [23] of the Agreement is approved as fair, reasonable and adequate.

The Court finds that the payment and distribution of the Settlement Amount, as allocated in the Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this _16th_ day of _November_, 2006.

United States District Court Judge